Barnard, P. J.
The rule that when a credit is created by a person or partnership the credit continues against the person or partnership until notice of a change is given to those who were dealers, is not changed by the retirement of one of a firm of old dealers, and the admission of a new partner. Cox, one of the plaintiffs, was one of the old firm which dealt with the firm of Pierce and Hall, as composed when Hosea 0. Pierce was a member of it.
"When Boice retired from the plaintiffs' firm, Cox still continued a dealer, and he was none the less a dealer of the defendant’s firm as originally made up because of the *444 change. The plaintiffs fill the position of old dealers, in the language of the cases, with the defendants’ firm.
The habmty of the defendants is thus plain, unless some other defense is established.
Tbi'e old firm of Pierce & Hall established a credit, and bought of plaintiff’s firm as Cox & Boice. Hosea 0. Pierce went out, and his son went in, and the old name of Pierce & Hall continued.
No notice of the change reached the plaintiffs unless a constructive one, and that is urged as a defense to the claim.
It is the custom to buy and sell coal through or by means ■ of brokers. One Marriott, a coal broker, ordered coal from plaintiff’s firm when needed, but no payments were made to him, and his agency was confined simply to the order, and for this he was paid a commission when the bill was paid for the coal ordered.
Marriott seems to have kept in view the defendant’s stock, and would apply to him for a new order when it was reduced. He did so on one occasion after Hosea O. Pierce retired, and was told that the son had taken the father’s place in the business.
He did not communicate the information to the plaintiffs* firm, but the regular course of business continued until some seven or eight years thereafter, when the defendant’s firm failed, owing the bill in question.
Constructive notice rests upon agency.
If the broker was the plaintiff’s agent, then notice to him was notice to the plaintiffs, although the agent failed to communicate it.
Marriott filled no such position. He merely solicited orders for coal and took them where he pleased. He did take them to the plaintiffs, but he could have taken them to another firm. He had no authority beyond getting an order and delivering it to the plaintiffs.
The judgment should, therefore, be affirmed, with costs.
Dykman, J., concurs.